UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PACIFIC BELLS ENTERPRISES, INC., an Oregon corporation; KANEKOA ENTERPRISES, INC., a Washington corporation; BORDER EXPRESS, LLC, a Washington limited liability company; and PACIFIC BELLS, INC., an Oregon corporation,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION, an Oregon corporation,<br><br>Defendant. | Case No. C03-5396  RBL<br><br>ORDER DENYING PLAINTIFFS' MOTION TO ENFORCE JUDGMENT |

This matter comes before the court on Plaintiffs' motion to enforce judgment. (Dkt. No. 123). Plaintiffs seeks to enforce this court's earlier money and declaratory judgment (Dkt. No. 97) because Defendant U.S. Bank neither asked this court for a stay nor obtained a supersedeas bond pursuant to Fed R. Civ. P. 62(d) while it appealed Plaintiffs' favorable verdict. (Dkt. No. 124 at 3). Defendant responds that 12 U.S.C. § 91 prohibits enforcing Plaintiffs' judgment pending appeal.

ORDER
Page - 1

12 U.S.C. § 91 prohibits the issuance of an attachment, injunction, or execution against a national bank before final judgment in a suit, action, or proceeding.[1]  This provision applies to Federal Court actions.  *See United States v. Lemaire,* 826 F.2d 387 (5th Cir. 1987).  Final judgment, as it relates to 12 U.S.C. § 91, means judgment on the merits [that] is no longer subject to examination on appeal.  *Id.* at 390.  Additionally, Section 91 applies to both solvent and insolvent banks.  *See Third National Bank in Nashville v. Impac Ltd.,* 432 U.S. 312, 319 (1977).

Here, there is no final judgment because Defendants are currently appealing the jury's adverse verdict.  And as Defendants correctly state, 12 U.S.C. § 91 effectively provides an automatic stay pending appeal.  While this statute is unique and dated, it is still good law.  This court's money and declaratory judgment (Dkt. No. 97), however, pending the appeal's outcome, remains unchanged.

Accordingly, the court **DENIES** Plaintiffs' motion to enforce judgment.

**IT IS SO ORDERED.**

DATED this 10th day of October, 2006.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

---

[1] 12 U.S.C. § 91 provides in full:
"All transfers of the notes, bonds, bills of exchange, or other evidences of debt owing to any national banking association, or of deposits to its credit; all assignments of mortgages, sureties on real estate, or of judgments or decrees in its favor; all deposits of money, bullion, or other valuable thing for its use, or for the use of any of its shareholders or creditors; and all payments of money to either, made after the commission of an act of insolvency, or in contemplation thereof, made with a view to prevent the application of its assets in the manner prescribed by Chapter 4 of Title 62 of the Revised Statutes, or with a view to the preference of one creditor to another, except in payment of its circulating notes, shall be utterly null and void; and no attachment, injunction, or execution, shall be issued against such association or its property before final judgment in any suit, action, or proceeding, in any Sate, county, or municipal court."